Filed 3/17/23 P. v. Angel CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID ANOTA ANGEL,<br><br>    Defendant and Appellant. | G061670<br><br>(Super. Ct. No. 21CF1942)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Jeffrey Manning-Cartwright, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

In 2022, defendant David Anota Angel (Angel) was charged by an amended information with three felonies (counts 1, 2, and 3), and three misdemeanors (counts 4, 5, and 6) as follows: count 1, attempted murder (Pen. Code,[1] §§ 664, subd. (a), 187, subd. (a)); count 2, domestic battery with corporal injury (§ 273.5, subd. (a)); count 3, criminal threats (§ 422, subd. (a)); count 4, violation of protective order (§ 166, subd. (c)(1)); count 5, false imprisonment (§ 236); and count 6, possession of controlled substance paraphernalia (Health & Saf. Code, § 11364, subd. (a)). The information also alleged, as to counts 1, 2, and 3, that Angel inflicted great bodily injury related to acts of domestic violence (§ 12022.7, subd. (e)), and two factors in aggravation identified in California Rules of Court, rules 4.421(a)(1), (b)(1). Count 6 and the alleged aggravating factors were bifurcated for trial. Angel ultimately agreed to a court trial on the aggravating factors.

Angel's jury trial commenced in June of 2022. After considering the evidence presented, the trial court struck the great bodily injury enhancement related to count 3. Count 6 was dismissed on the prosecutor's motion. The jury thereafter found Angel not guilty of count 1, attempted murder, and count 3, making criminal threats. The jury convicted Angel of count 2, domestic battery; count 4, violating a protective order; and count 5, false imprisonment. The jury also found true the great bodily injury enhancement as to count 2.

After the court trial on the aggravating factors was conducted in August of 2022, the trial judge found true as to count 2 the aggravating factor based on California Rules of Court, rule 4.421(a)(1), and not true as to the same count the aggravating factor related to rule 4.421(b)(1). The court then sentenced Angel to two years on count 2, plus three consecutive years for the great bodily injury enhancement related to that same

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

count. The court imposed terms of one year each on counts 4 and 5 to be served concurrently with the sentence on count 2.

Angel filed a timely notice of appeal from that judgment.

We appointed counsel to represent Angel on appeal. After conducting his analysis of potential appellate issues, counsel informed us in his declaration that he had reviewed the appellate record and consulted with a staff attorney at Appellate Defenders, Inc., who also reviewed the record. Counsel then filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). While not arguing against his client, counsel set forth the facts of the case and advised us he was unable to find an issue to argue on defendant's behalf. Counsel advised Angel of his right to file a written argument on his own behalf; he has not done so.

## FACTS

The facts underlying the charges filed against Angel relate to his domestic relationship with M.C. At trial, M.C. testified she maintained a romantic relationship with Angel for three to four years. She described assaultive conduct committed by Angel against her that occurred on the dates charged in the information, January 8 and June 29, 2021. Over Angel's objection, she was also permitted to testify about another assault which occurred on March 2, 2021.

## DISCUSSION

Although counsel informs us he has been unable to find any viable appellate issue to argue on Angel's behalf, he directs our attention to two potential issues: (1) "Whether the trial court should have granted defense counsel's request to limit the evidence of a prior bad act proffered by the prosecution"; and (2) "Whether defense counsel's objections to the peremptory strikes of prospective jurors no. 115 and no. 160 should have been sustained."

3

We have examined both issues and find neither meritorious.

Prior to trial, the prosecutor filed an in limine motion requesting the court to permit her to introduce at trial evidence of uncharged assaultive conduct against M.C. allegedly committed by Angel pursuant to Evidence Code section 1109. Specifically, the prosecutor informed the court in her moving papers that "[o]n March 2, 2021, Los Angeles Sheriff's Deputies responded to a domestic violence call in East Los Angeles. [M.C.] informed deputies that Defendant forced his way into her residence through a window. Once inside, Defendant used his belt to strangle [M.C.] while she was on the floor."

Angel objected to the admissibility of this evidence. Prior to jury selection, the court conducted a hearing to resolve the issue. After hearing argument from counsel and conducting the appropriate analysis pursuant to Evidence Code section 352, the court found the evidence "would be more probative than prejudicial," and therefore granted the prosecutor's request to offer it at trial.

We review evidentiary objections under an abuse of discretion standard. (*People v. Mungia* (2008) 44 Cal.4th 1101, 1130.) Under that standard, "a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Hovarter* (2008) 44 Cal.4th 983, 1004.) The record before us provides no support for Angel's argument that the trial court abused its discretion in admitting this evidence. The court evaluated the evidence and applied the appropriate standard to its analysis. We find no error.

We have also reviewed the record related to the colloquy between defense counsel and the trial court related to the prosecutor's exercise of peremptory challenges related to jurors no. 115 and no. 160. We have filtered the judge's rulings concerning those challenges through the requirements set forth in *Batson v. Kentucky* (1986)

4

476 U.S. 79, and *People v. Wheeler* (1978) 22 Cal.3d 258, and their progeny. We discern no error related to the removal of these jurors.

We have reviewed the record in its entirety. Like counsel, we find no other viable appellate issue.

## DISPOSITION

The judgment is affirmed.


GOETHALS, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.